UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,   Case No. 0:19-cr-00183-ADM-KMM

Plaintiff,

v.

2. JOAQUIN BARAJAS-GARCIA,   ORDER

Defendant.

---

This matter is before the Court on the parties' pretrial motions for discovery and disclosure. The Court held a hearing on the motions on September 4, 2019. Based on the written submissions, the oral argument, and all the files and proceedings herein, the Court enters the following Order.

1. **The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2.** The government's motion is **GRANTED**. Mr. Barajas-Garcia shall provide discovery and disclosure as required by the applicable Federal Rules of Criminal Procedure.

2. **Mr. Barajas-Garcia's Motion for Immediate Production of All Discovery Required by Federal Rules of Criminal Procedure 12, 16, and 26.** The motion is **GRANTED** and the government shall provide discovery as required by the applicable Federal Rules of Criminal Procedure. The Court notes that the government opposes entry of a Court Order requiring the disclosure of Jencks Act Materials prior to direct examination, but has agreed to disclose any such evidence not already disclosed at least three days prior to trial to avoid unnecessary delays. The Court appreciates the government's willingness to make such disclosures and encourages the government to consider providing such information to the defense as early as possible.

1

3. **Mr. Barajas-Garcia's Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews**. The government represents that this case involves two informants, one of whom merely provided information that police used to obtain a search warrant. The government asserts that this informant is merely a "tipster" whose identity is "not subject to compulsion" pursuant to *United States v. Bradley*, 924 F.3d 476, 482 (8th Cir. 2019). The government represents that the other informant may be a "percipient witness to matters relevant to the charges in the Indictment as to [Mr. Barajas-Garcia's] co-defendant [Erwin Yered] Veas-Villegas only—by virtue of conducting two controlled purchases of heroin from him." [Gov't Resp. at 2.]

This motion is **DENIED IN PART** and **PROVISIONALLY GRANTED**. During the September 4th hearing, counsel for Mr. Barajas-Garcia conceded that disclosure of the first informant, who provided nothing other than information used to obtain a search warrant, was a mere "tipster" for whom disclosure would not be required. Based on the governing case law and that concession, the motion is denied in part, and the government is not required to provide information regarding that individual.

With respect to disclosure of the second informant, at the hearing the Court discussed the government's theory on the issue with counsel for the parties in an effort to determine whether disclosure of information concerning that individual would be required, in part because the informant may provide evidence that is exculpatory as to Mr. Barajas-Garcia. Based on the information available at the hearing, the Court provisionally granted the motion to require disclosure of information about this individual because it appears potentially exculpatory for the defense.

However, the Court did not require immediate disclosure of that information. Instead, the Court instructed the parties to discuss the timing of such disclosures. Furthermore, because the issue of disclosure of information about this individual has not been the subject of extensive briefing, the Court

required counsel for the government to advise defense counsel whether the government would oppose the disclosure requirement no later than September 18, 2019. If the government intends to oppose that ruling, the parties were directed to submit additional briefing on the issue in connection with the post-hearing briefing required for the pending motions to suppress evidence and statements.

4. **Mr. Barajas-Garcia's Motion for an Order to Preserve all Handwritten and Recorded Notes of Interviews, Debriefings, or Surveillances.** The motion for preservation of the government's rough notes is **GRANTED**. Production of rough notes is not required by this Order.

Date: September 10, 2019

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge